UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ICHI WU,<br><br>        Plaintiff,<br><br>    v.<br><br>JAMIE PESCE, *et al.*,<br><br>        Defendants. | Case No.  2:25-cv-0760-TLN-JDP (PS)<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff brings this action against Judge Jamie Pesce; District Attorney Vern R. Pierson; Public Defenders Joshua Stillnian, Sarah Reimche, Kathryn Schulz, and Abigail Rosemon; plaintiff's former employer, Emig Max Ordonez; and Margorie, Ordonez's niece.  Plaintiff alleges that he was wrongfully convicted of resisting arrest and evicted from his home.  This court lacks jurisdiction over plaintiff's claims, and so the complaint should be dismissed without leave to amend.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*.  *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). If the allegations "do not permit the court to infer more than the mere possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264 n.2 (9th Cir. 2006) (en banc) (citations omitted).

The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017). However, "'a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

**Analysis**

The complaint centers on plaintiff's allegedly unlawful eviction and conviction for resisting arrest. ECF No. 1 at 6-7. While the facts are difficult to piece together, as best the court can discern, defendant Ordonez employed plaintiff. *Id.* As part of plaintiff's employment, he lived at Ordonez's home in Cameron Park, California. *Id.* An unknown event occurred, which resulted in plaintiff not being welcome in the home. *Id.* It appears plaintiff choose not to leave the home voluntarily, which led eviction from the property by El Dorado County Sheriff's deputies. *Id.* It also seems like during plaintiff's eviction, he was arrested for resisting arrest, among other charges. *Id.*

Attached to the complaint are minutes from certain of plaintiff's criminal proceeding in the El Dorado County Superior Court, dating from November 2022 to September 2024. *Id.* at 9-

2

1 67. The minutes from the September 6, 2024 hearing suggest that plaintiff's criminal charges
2 were dismissed pursuant to his successful completion of the court's mental health diversion
3 program. *Id.* at 9.
4       In this suit, plaintiff appears to allege that the eviction was unlawful, and he is now
5 homeless. *Id.* at 5. In his statement of the claim, plaintiff alleges that he has not committed any
6 crime and that he has not trespassed or obstructed justice, and he asks that the Sheriff's Office
7 (presumable the El Dorado County Sheriff's Office) review his documents. *Id.*
8       This court does not have jurisdiction to review state court decisions. Under the *Rooker-*
9 *Feldman* doctrine, federal courts cannot adjudicate constitutional claims that "are inextricably
10 intertwined with the state court's denial in a judicial proceeding of a particular plaintiff's
11 application [for relief]." *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *see*
12 *also Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). Thus, the doctrine bars federal
13 courts from adjudicating claims that seek to redress an injury allegedly resulting from a state
14 court decision, even if the party contends the state judgment violated his or her federal rights.
15 *Bell v. City of Boise*, 709 F.3d 890, 897 (9th Cir. 2013); *see Feldman*, 460 U.S. at 486 ("[District
16 courts] do not have jurisdiction . . . over challenges to state court decisions in particular cases
17 arising out of judicial proceedings even if those challenges allege that the state court's action was
18 unconstitutional.").
19       In addition to the jurisdictional issue, plaintiff cannot state a claim under § 1983 against
20 any of the defendants. His claim against defendant Judge Pesce is barred by judicial immunity.
21 *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely
22 immune from damages actions for judicial acts taken within the jurisdiction of their courts . . . . A
23 judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction
24 or performs an act that is not judicial in nature."). Defendant prosecutor Pierson is immune as a
25 prosecutor. A prosecutor is protected by absolute immunity from liability in a civil rights suit for
26 damages "when performing the traditional functions of an advocate." *Kalina v. Fletcher*, 522
27 U.S. 118, 131 (1997) (citing *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993); *Imbler v.*
28 *Pachtman*, 424 U.S. 409, 430 (1976)). And criminal defense lawyers like defendants Stillnian,

1  Reimche, Schulz, and Rosemon are not subject to liability under § 1983 for their work on
2  criminal cases. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1982) (public defenders do not act
3  under color of law for purposes of § 1983 liability). As for the remaining two defendants—
4  Ordonez and Majorie—plaintiff has not alleged that either acted "under color of state law," which
5  is necessary to state a claim under § 1983. *See Price v. Hawaii*, 939 F.2d 702, 707-08 (9th Cir.
6  1991) ("[P]rivate parties are not generally acting under color of state law.").

7  Accordingly, plaintiff's complaint should be dismissed for lack of jurisdiction and for
8  failure to state a claim. Given that the jurisdictional deficiencies cannot be cured by amendment,
9  I recommend dismissal without leave to amend. *See Noll v. Carlson*, 809 F.2d 1446, 1448 (9th
10 Cir. 1987) (holding that while the court ordinarily would permit a pro se plaintiff leave to amend,
11 leave to amend should not be granted where it appears amendment would be futile); *Silva v. Di*
12 *Vittorio*, 658 F.3d 1090, 1105 (9th Cir. 2011) ("Dismissal of a pro se complaint without leave to
13 amend is proper only if it is absolutely clear that the deficiencies of the complaint could not be
14 cured by amendment.") (internal quotation marks omitted).

15 Accordingly, it is hereby ORDERED that:

16 1. Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

17 2. The Clerk of Court shall randomly assign a district judge to this action.

18 Further, it is hereby RECOMMENDED that:

19 1. Plaintiff's complaint, ECF No. 1, be DISMISSED without leave to amend for want of
20 subject matter jurisdiction and failure to state a claim.

21 2. The Clerk of Court be directed to close the case.

22 These findings and recommendations are submitted to the United States District Judge
23 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
24 service of these findings and recommendations, any party may file written objections with the
25 court and serve a copy on all parties. Any such document should be captioned "Objections to
26 Magistrate Judge's Findings and Recommendations," and any response shall be served and filed
27 within fourteen days of service of the objections. The parties are advised that failure to file
28 objections within the specified time may waive the right to appeal the District Court's order. *See*

4

*Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: __March 12, 2025__

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE